## J. E. STONE ET AL. v. MARY V. WOLFE.

Decided April 15, 1908.

**Infancy—Deed—Disaffirmance.**

A girl 17 years old made a deed of her interest in land to her father; two years later her disability as a minor was removed by judicial proceedings; about two years later she refused to join the father in a conveyance of the property, and claimed an interest in it, her first act of disaffirmance. Held that, if considered of age for the purpose of ratification on the removal of her disability, her repudiation was within a reasonable time, in view of the fact that she re-

ceived no consideration; that there was no evidence that the father, meantime, had claimed the sole ownership, and that she was residing with and looked to him for protection.

Appeal from the District Court of McLennan County, 19th District. Tried below before Hon. Marshall Surratt.

*D. A. Kelley,* for appellants.—The court should have held that Pearl Stone was not bound by the deed which she had made when she was a minor, and should have rendered judgment in her favor. Tiedman on Real Property, sec. 793; 1 Pars. Cont. (7th ed.), pages 363-365; Tucker v. Moreland, 10 Pet., 58; Simkins on Contracts, 87.

*Eugene Williams* and *W. B. Carrington,* for appellee.—The court correctly rendered judgment as against Pearl Stone because the evidence showed that she did not disaffirm her deed to J. E. Stone within a reasonable time after the removal of her disabilities, she having attained her majority at said time. Searcy v. Hunter, 81 Texas, 644, 646; Simkins v. Searcy, 10 Texas Civ. App., 406; Hieatt v. Dixon, 26 S. W., 263; Askey v. Williams, 74 Texas, 294; 3 Green's Digest, "Infants" sec. 20, 6430; Simkins on Contracts and Sales, 89, 90.

KEY, ASSOCIATE JUSTICE.—This suit involves the title to certain real estate in the City of Waco. The plaintiff alleged and proved a contract between herself and the defendant J. E. Stone, for the purchase of the property for a consideration of $4,000. There were two other defendants, one being a Mrs. Huttner and the other Miss Pearl Stone, a daughter of J. E. Stone. The plaintiff alleged that they were setting up some character of claim to the property.

The case was tried before the court without a jury and judgment rendered for the plaintiff for the property in controversy, but decreeing that Mrs. Huttner had a lien thereon, which should be paid out of the purchase money owing by the plaintiff to J. E. Stone. J. E. Stone and Miss Pearl Stone have appealed.

We overrule all of the assignments of error except the sixth, which presents the question of the plaintiff's right to recover as against Miss Pearl Stone. She inherited an interest in the property from her deceased mother, and when she was a minor, only seventeen years of age, executed a deed conveying it to J. E. Stone, her father. That deed was made on Nov. 15, 1902, and on August 4, 1904, Miss Pearl Stone's disabilities of minority were removed in a judicial proceeding instituted for that purpose. On June 9, 1906, J. E. Stone requested his daughter Pearl to sign a deed joining him in conveying the property to the plaintiff, which she refused to do, asserting that she owned an interest in it. There was no proof of any former act of disaffirmance on the part of Miss Pearl Stone, and for that reason the trial court seems to have held that her deed to her father, executed while she was a minor, was binding upon her.

We are aware of the rule in this State to the effect that the deed of a minor is not absolutely void but is only voidable, and that

unless the grantor disaffirms the deed within a reasonable time after attaining his majority, it will be binding upon him. But, applying that rule to the peculiar facts of this case, even conceding, as we do, that Pearl Stone attained her majority when her disabilities were removed, it seems to us that she has disaffirmed her deed to J. E. Stone within a reasonable time. She testified, in substance, that when she signed that deed she did not understand its purport and effect. She said she signed it because her brothers and sister signed it, and she was requested to do so. The evidence indicates with reasonable certainty that at that time she resided with her father and has continued to do so up to the time of the trial. She testified that she received no part of the consideration recited in the deed. There was no testimony tending to show that after the removal of her disabilities her father, in her presence, asserted sole ownership of the property. In fact, it was not shown that she had not remained in joint possession with him and received her proportionate share of the income derived from the property. In short, the testimony fails to disclose that any circumstance had arisen which required her to either disaffirm or acquiesce in the deed referred to. Furthermore, while legally speaking she was emancipated by the judicial removal of her disabilities, still the grantee in the deed was her father, she was a member of his family, remained under his roof, and doubtless, looked to him for protection as to property rights as well as in other respects. Rosenbaum v. Roche, 46 Texas Civ. App., 237.

This being the case, under the circumstances disclosed by the record, we are of opinion that the court erred in holding that Miss Pearl Stone was bound by the deed referred to and had no title to the property; and for that error the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Application for writ of error dismissed for want of jurisdiction.